**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| **DEVON SYKES,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:14CV00017 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **JEFFREY ARTRIP,[1] ET AL.,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendants. ) | |

Plaintiff Devon Sykes, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, and it is now to be scheduled for a jury trial as to Sykes' claims against several defendant prison officials for holding him for hours in five-point restraints. Upon review of the record, however, I find that Sykes' claims against four defendants identified in the Complaint only as John Does 1-4 must be summarily dismissed without prejudice.

Sykes' claims concern an incident at Red Onion State Prison on September 13 and 14, 2013. The court has denied summary judgment as to Sykes' claims that defendants Artrip, Fannin, Kiser, Messer, Dixon, Coyle, Akers, Stidham, and Collins used excessive force and denied him due process. After Sykes broke a sprinkler, these officers strapped him into five-point restraints and/or allegedly

---

[1] Although the Complaint named Jeffrey Artrip first in the list of defendants, the court's docket lists Sgt. Larry Ross Collins as the first defendant. From this point forward, however, the case will be referenced as *Sykes v. Artrip, et al.*, consistent with the Complaint, and the clerk will correct the docket accordingly.

refused to feed him or give him bathroom or stretch breaks for 20 hours, despite his nondisruptive behavior, complaints of pain, and pleas for help. The officers contend that Sykes continued to be disruptive while in the restraints and refused offered breaks and food. A jury in the Big Stone Gap division of the court will resolve these factual disputes.

In the Complaint, Sykes makes the following brief allegations about his John Doe defendants:

> John Does 1-4 are the Administrative Duty Officers and Watch Commanders who ordered the excessive use of five-point restraints, instead of [less restrictive] ambulatory restraints, and failed to ensure Sykes' breaks were given, and failed to release him during the (18) hours he was non-disruptive, Sept. 13-14, '13.

(Compl. 2, ECF No. 1.) I construe these allegations as asserting a claim that these officers violated Sykes' Eighth Amendment right to be free from cruel and unusual punishment. *See Whitley v. Albers*, 475 U.S. 312, 320 (1986) (holding that Eighth Amendment prohibits prison officials from inflicting unnecessary and wanton pain and suffering on prisoners).

The use of five-point restraints in a good faith effort to control a disruptive inmate is not per se unconstitutional. *See Williams v. Benjamin*, 77 F.3d 756, 763 (4th Cir. 1996); *Sadler v. Young*, 325 F. Supp. 2d 689, 702 (W.D. Va. 2004), *rev'd on other grounds*, 118 F. App'x 762 (4th Cir. 2005) (unpublished). When "the immediacy of the disturbance was at an end . . . the unnecessary infliction of

continued pain throughout a prolonged time period clearly supports an inference that the guards were acting to punish, rather than to quell the disturbance," *Williams*, 77 F.3d at 765 (citation omitted), which can give rise to an Eighth Amendment claim even with no significant resulting injury. *See Sadler*, 325 F. Supp. 2d at 704; *Davis v. Lester*, 156 F. Supp. 2d 588, 594 (W.D. Va. 2001). For this reason, the court denied summary judgment for the defendants who allegedly knew that Sykes was not disruptive, but applied and maintained the restraints to punish him, rather than merely control him.

Sykes' claims against the John Does present a different factual issue, however. In a § 1983 case, a supervisory official cannot be held vicariously liable under the doctrine of respondeat superior for constitutional violations committed by his subordinates. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). Sykes may establish supervisory liability only if he states facts showing personal fault on the part of each defendant, either based on the defendant's personal conduct or based on another's conduct in execution of the defendant's policies or customs. *See Fisher v. Wash. Metro. Area Transit Auth.*, 690 F.2d 1133, 1142-43 (4th Cir. 1982).

Sykes makes no such showing. I will assume, as Sykes alleges, that these officers alone had the authority to order Sykes' placement in, or release from, five-point restraints. Sykes does not allege, however, that any of these officers were

present to observe Sykes' behavior personally at any time during the 20-hour restraint period or that any of them implemented or condoned a practice of such restraints for non-disruptive inmates. Rather, the allegations indicate that these officers made decisions about applying and continuing the restraints, based on other officers' reports that Sykes was being disruptive: by flooding his toilet, breaking a sprinkler (which he admits), threatening to break another one, and threatening to throw feces. Application of the restraints and their continuation in a good faith effort to control such a belligerent, uncooperative inmate do not implicate the Eighth Amendment. Sykes thus fails to state facts showing that the John Doe officers had any such personal involvement in the alleged Eighth Amendment violations as required to state an actionable, supervisory liability claim against them. Therefore, I will dismiss without prejudice all claims against the John Does under 28 U.S.C. § § 1915A(b)(1).[2]

A separate Order will be entered herewith.

DATED: June 8, 2015

/s/ James P. Jones
United States District Judge

---

[2] Under § 1915A(b)(1), the court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted." In order to state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).